IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THE CHRISTIAN MINISTERIAL
ALLIANCE; PATRICA BREWER;
CAROLYN BRIGGS; LYNNETTE
BROWN; MABLE BYNUM; and
VELMA SMITH, each on behalf of
themselves and all other similarly
situated persons                                                                              PLAINTIFFS

v.                              No. 4:23-cv-471-DPM-DRS-JM

JOHN THURSTON, in his official capacity
as the Secretary of State of Arkansas                                               DEFENDANT

## AMENDED FINAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Initial disclosures due……………………………....**PASSED**

- Deadline to request any
  pleading amendment........................................................ **PASSED**

- Fact discovery deadline........................................ **26 August 2024**

- Joint status report due .................................**16 September 2024**

- Parties shall identify all
  expert witnesses and produce
  their opinions by ..............................................**16 September 2024**

- Parties shall identify all rebuttal witnesses and produce their opinions by ...............................................**23 September 2024**

- Expert discovery cutoff .................................**30 September 2024**

- Dispositive and *Daubert* motions due[1] ..............**14 October 2024**

- Joint status report due ........................................**21 October 2024**

- Deposition designations exchanged[2]............ **11 November 2024**

- Responses to dispositive and *Daubert* motions due ..................................................... **11 November 2024**

- Replies in support of dispositive and *Daubert* motions due…………………………**18 November 2024**

- Dispositive and *Daubert* motions hearing........**2 December 2024**

- Joint report on deposition designation disputes (if any)...................................................... **2 January 2025**

- Motions in limine due ......................................... **10 January 2025**

- Responses to Motions in limine due.................. **24 January 2025**

- Local Rule 26.2 pre-trial disclosure sheets due....................................... **24 February 2025**

- Trial briefs due ................................................. **24 February 2025**

---

[1] Note and follow the procedure specified *infra*.

[2] Note and follow the procedure specified *infra*.

- Stipulations on background facts due............. **24 February 2025**

- Bench Trial, Little Rock Courtroom 2A................**24 March 2025**

- **Amending Pleadings.** Local Rule 5.5(e) requires a party to attach the proposed amended pleading to the motion. Please make this attachment a redline or comparison copy showing all proposed changes. Counsel should confer about proposed amendments. State in your motion to amend whether the change is agreed or opposed.

- **Protective Orders.** Before filing a motion for approval, counsel should email a draft order in Word to chambers for review. Alert the law clerk on the case to the draft's submission. Avoid legalese. Short, plain orders are better than long, complicated ones. Incorporate Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal. The order should remain in effect no longer than one year after litigation ends, not in perpetuity. Incorporate the procedure for discovery disputes, see *infra*, to cover disputes about whether a document is confidential.

- **Discovery Disputes.** Counsel should confer in good faith *in person* before bringing any discovery dispute to the Court. Do not file motions to compel. Do not file a motion to quash or for protective order unless there is an emergency. If the parties reach a discovery impasse, they should file a joint report explaining the disagreement. File this paper under the CM/ECF event called "Joint Report of Discovery Dispute". Your joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect

confidential information. File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Summary Judgment.** Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete condensed transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to *material* facts. Include a *specific* supporting record citation for each fact asserted. Responding statements of fact must repeat the statement being responded to—like a discovery response. Include a *specific* supporting record citation for each fact disputed or asserted in the responding statement. A party's substantial failure to follow these procedures will result in the party having to correct its filing. If the summary judgment papers are voluminous, the Court would appreciate the parties sending a courtesy paper copy to chambers.

- **Deposition Designations.** The Court strongly encourages the parties to use live testimony, rather than testimony by deposition, at trial. If the parties nonetheless need to use deposition testimony, then they must use the following procedure. Thirty days before Local Rule 26.2 pre-trial disclosure sheets are due, the parties should exchange deposition designations. As soon as practicable thereafter, counsel must meet and confer in person. They should try hard to agree on what deposition testimony will be presented at trial and resolve any objections. If any dispute or objection remains unresolved, then the parties should file a joint report explaining the dispute. The parties must certify that they met and conferred in person but failed to resolve the disputed issue. The parties should also deliver to chambers a paper copy of the

entire transcript of any deposition involved in any dispute. Color-code the transcript to identify disputes.

- **Exhibits.** The Court strongly encourages the parties to agree on as many of the exhibits as possible. Deliver the original exhibits, and one copy, in three-ring binders to the Courtroom Deputy on the Wednesday before trial starts. Please also include an electronic copy, plus (on the Court's forms) the exhibit and witness lists.

- **Courtroom Technology.** As soon as practicable before any hearing, and before trial, counsel should contact the courtroom deputy about technology needs. She will coordinate with the Court's IT department. Any plan for use of non-Court technology must be approved by the IT department.

Please communicate with Sherri Black, Courtroom Deputy, by e-mail at *sherri_black@ared.uscourts.gov* to check your position on the calendar as the trial date approaches. In the event of settlement, advise Sherri Black immediately.

            **AT THE DIRECTION OF THE COURT**
            **TAMMY H. DOWNS, CLERK**

            By: <u>Sherri Black</u>
                Courtroom Deputy to
                Judge D. P. Marshall Jr.

                <u>3 July 2024</u>